**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jarrell Wilson

    v.                               Case No. 19-cv-00786-JL

Warden, New Hampshire State
Prison for Men

## REPORT AND RECOMMENDATION

Before the court is pro se plaintiff Jarrell Wilson's amended complaint filed pursuant to 42 U.S.C. § 1983, alleging that prison medical staff have violated his constitutional rights.  See § 1983 Compl. (Doc. No. 1), as amended by Doc. No. 5 (collectively "complaint").  The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).  Also before this magistrate judge for a report and recommendation is Wilson's motion for preliminary injunctive relief (Doc. No. 4).  See Sept. 17, 2019 Order.

## Background

Wilson is a prisoner of the State of New Hampshire.  At all relevant times he was housed at the New Hampshire State Prison for Men ("NHSP").

Wilson alleges that on an unspecified date, he was sucker-

punched by another inmate and suffered a broken jaw.  He spent five and a half weeks in the prison's medical wing before surgery was performed on his jaw.  He alleges he was in severe pain and that prison medical staff knew of and disregarded his medical needs during that time.  Wilson also alleges that the surgery was botched and that his jaw is misaligned as a result. He asserts that he remains in severe pain due to the misalignment, but prison medical staff refuse him treatment for the jaw.

Wilson claims that prison medical staff have harmed him mentally, physically, and emotionally.  He seeks compensatory damages in the amount of $180,000 for his pain and suffering and punitive damages in the amount of $180,000.  He also seeks injunctive relief in the form of an order that he receive reconstructive surgery on his jaw.

On September 17, 2019, Wilson filed a motion for preliminary injunctive relief against Michelle Edmark, Warden of NHSP, and Robbin Maddous, identified as the head of finance at NHSP.  According to the motion, Wilson pled guilty to numerous disciplinary code violations, and in response, Edmark and Maddous began, in 2015, withdrawing 50 percent of all deposits made to his prisoner financial account.  Wilson contends these withdrawals are unlawful without his consent.  He seeks declaratory relief and an order requiring Edmark and Maddous to

return all the money withdrawn from his account.

## Discussion

I.    Preliminary Review of § 1983 Complaint

A.    Preliminary Review Standard

The court reviews complaints filed by pro se plaintiffs to determine, among other things, whether the plaintiff has asserted any claim upon which relief might be granted.  See 28 U.S.C. § 1915(e)(2), LR 4.3(d)(1).  In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102–03 (1st Cir. 2013) (citations omitted).

B.    Eighth Amendment Claim

"Government officials violate the Eighth Amendment if they display 'deliberate indifference' to a prisoner's 'serious medical needs.'"  Miranda-Rivera v. Toledo-Dávila, 813 F.3d 64, 74 (1st Cir. 2016) (quoting Gaudreault v. Muni. of Salem, 923 F.2d 203, 208 (1st Cir. 1990)).  "[T]o prove an Eighth Amendment violation, a prisoner must satisfy both of two prongs: (1) an

objective prong that requires proof of a serious medical need,
and (2) a subjective prong that mandates a showing of prison
administrators' deliberate indifference to that need." Kosilek
v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (citing Estelle v.
Gamble, 429 U.S. 97, 106 (1976); Sires v. Berman, 834 F.2d 9, 12
(1st Cir. 1987)).

    "A 'serious medical need' 'is one that has been diagnosed
by a physician as mandating treatment, or one that is so obvious
that even a lay person would easily recognize the necessity for
a doctor's attention.'" Miranda-Rivera, 813 F.3d at 74 (quoting
Gaudreault, 923 F.2d at 208).  "Deliberate indifference requires
(1) that 'the official . . . be aware of facts from which the
inference could be drawn that a substantial risk of serious harm
exists,' and (2) that he draw that inference." Id. (quoting
Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

    As to the subjective prong specifically, an inmate must
allege that defendants committed "acts or omissions . . .
sufficiently harmful to evidence deliberate indifference to
serious medical needs." Leavitt v. Corr. Med. Servs., 645 F.3d
484, 497 (1st Cir. 2011) (quoting Gamble, 429 U.S. at 106)
(internal quotation marks omitted).  At a minimum, the plaintiff
must allege facts showing that the defendant possessed "a
purposeful, a knowing, or possibly a reckless state of mind[,]"
as "liability for *negligently* inflicted harm is categorically

beneath the threshold of constitutional due process." <u>Kingsley</u> <u>v. Hendrickson</u>, 135 S.Ct. 2466, 2472 (2015) (citation and internal quote omitted) (emphasis in original).

Assuming, without deciding, that Wilson's claims of severe pain and misaligned jaw constitute serious medical needs, he has not stated facts to demonstrate that Warden Edmark, the only named defendant in his complaint, was aware of Wilson's need for care or treatment for those serious medical needs and denied him care or treatment. <u>See</u> <u>Grajales v. P.R. Ports Auth.</u>, 682 F.3d 40, 47 (1st Cir. 2012) (explaining that supervisors may be held liable under 42 U.S.C. § 1983 only for their own actions or inactions, amounting to deliberate indifference). Accordingly, Wilson has failed to allege adequate facts to demonstrate an Eighth Amendment claim against the Warden based on the denial of medical care.

Nevertheless, the district judge should not dismiss Wilson's Eighth Amendment claim at this stage of the case. To the extent he can identify the prison medical personnel who denied, withheld, or delayed treatment prior to and/or after his surgery, Wilson may be able to state grounds for relief under the Eighth Amendment. Additionally, to the extent he can allege specific facts that show Warden Edmark's actions or inactions constituted " 'supervisory encouragement, condonation or acquiescence[,] or gross negligence . . . amounting to

deliberate indifference'" to his serious medical needs, <u>id.</u>,
Wilson may be able to state grounds for relief against the
Warden, under the Eighth Amendment.  In an Order issued
simultaneously with this Report and Recommendation, the court
grants Wilson leave to amend his complaint to identify the
proper defendants and allege whatever additional facts are
necessary to state an Eighth Amendment claim for relief.


II.  <u>Motion for Preliminary Injunction</u>

    A.  <u>Preliminary Injunction Standard</u>

    "'A preliminary injunction is an extraordinary and drastic
remedy that is never awarded as of right.'"  <u>Peoples Fed. Sav.</u>
<u>Bank v. People's United Bank</u>, 672 F.3d 1, 8–9 (1st Cir. 2012)
(quoting <u>Voice of the Arab World, Inc. v. MDTV Med. News Now,</u>
<u>Inc.</u>, 645 F.3d 26, 32 (1st Cir. 2011)).  "'A plaintiff seeking a
preliminary injunction must establish that he is likely to
succeed on the merits, that he is likely to suffer irreparable
harm in the absence of preliminary relief, that the balance of
equities tips in his favor, and that an injunction is in the
public interest.'"  <u>Glossip v. Gross, 135 S. Ct. 2726, 2736</u>
<u>(2015)</u> (citation omitted).  Irreparable harm in the absence of
preliminary relief, weighs most heavily in the analysis.  <u>See</u>
<u>Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)</u>.
The burden of proof is on the movant.  <u>See</u> <u>Esso Std. Oil Co. v.</u>

Monroig–Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

"Irreparable harm most often exists where a party has no adequate remedy at law." Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Id. "To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success – rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Puertorriqueno de Trabajadores v. Fortuno, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (citations omitted).


B.   Analysis

Wilson has shown neither irreparable harm nor a likelihood of success on the merits to warrant granting him preliminary injunctive relief.  As an initial matter, this court notes that claims relating to the alleged improper withdrawal of funds from Wilson's inmate account are not asserted in the complaint, have not been pleaded in any amended complaint, and do not appear to be properly joined with the Eighth Amendment claims in this action.  Cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.").

Next, Wilson has not demonstrated that he has no adequate remedy at law in the absence of an injunction, with respect to his claims seeking the return of funds taken from his inmate account.  See Charlesbank Equity Fund II, 370 F.3d at 162. Damages could be available, and the State of New Hampshire provides a remedy for the unauthorized conversion of property by a state employee.  See N.H. Rev. Stat. Ann. §§ 541–B:9 (1999) and 541–B:14 (2018).

Finally, Wilson has not demonstrated a likelihood of success on the merits of any claim in this action.  Rather, he bases his motion on a claim regarding removal of funds from his prison trust account that he has not sought to add to this case, and which arises from incidents wholly unrelated to the facts forming the basis of the Eighth Amendment claims raised in the complaint.

## Conclusion

For the foregoing reasons, the district judge should deny Wilson's motion for preliminary injunctive relief (Doc. No. 4). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the

right to appeal the district court's order.  See Santos-Santos

v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R.

Civ. P. 72(b)(2).


_____

Andrea K. Johnstone
United States Magistrate Judge


October 15, 2019

cc:  Jarrell Wilson, pro se